UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 1:11CR294 (AJT) |
| | ) | |
| EMMANUEL NJIKE, | ) | Motions Hearing Date: Aug. 12, 2011 |
| | ) | |
| Defendant | ) | |

**DEFENDANT EMMANUEL NJIKE'S MEMORANDUM IN
SUPPORT OF DEFENDANT LENGA'S MOTION TO EXCLUDE
EXPERT TESTIMONY OF SCOTT G. WYNE AT TRIAL, AND MOTION
IN LIMINE TO EXCLUDE ALL TESTIMONY IDENTIFYING DEFENDANTS'
AND VICTIMS' RACE, ETHNICITY, NATIONALITY, AND IMMIGRATION STATUS**

COMES NOW the Defendant, Emmanuel Njike, by and through undersigned counsel, and supports Defendant Richard Lenga's motion to exclude expert testimony from Scott G. Wyne on the *modus operandi* of black money scams, and to exclude testimony by all witnesses as to the defendants' and victims' race, ethnicity, nationality, and immigration status.

FACTUAL BACKGROUND

Mr. Njike has been charged with co-defendants Julien Tchokokam and Richard Lenga with conspiracy to commit wire fraud in violation of 18 U.S.C. § 371, and altering U.S. currency in violation of 18 U.S.C. § 471.[1]

On July 26, 2011, the government provided notice of its intention to introduce expert testimony from Scott G. Wyne, Detective Sergeant with the Montgomery County Police Department, about "how Black Money Scams are perpetrated, including (a) variations of such scams; (b) typical

---

[1] On August 4, 2011, upon government motion, the Court dismissed a fourth defendant, Festus Kembumbala, from the case.

1

targets; (c) materials and equipment used; and (d) techniques employed in black money scams." *See* Doc. No. 42, p. 2, Rule 16(a)(1)(G) Notice – Scott G. Wyne. On August 1, 2011, defendant Richard Lenga filed his opposition to Mr. Wyne's testimony. *See* Doc. No. 51, Objection of Def. Richard Lenga to Expert Testimony of Scott G. Wyne. On August 3, 2011, the government filed its response to Mr. Lenga's opposition. *See* Doc. No. 54, United States' Response to Objection of Defendant Richard Lenga to Expert Testimony of Scott G. Wyne and Motion *in Limine* ("Gov. Resp.").

ARGUMENT

The government's proposed expert testimony should be excluded for a number of reasons. The government is seeking to introduce evidence that is cumulative, unfairly prejudicial, and fails to aid the trier of fact.

First, any testimony describing the race, ethnicity, nationality, or immigration status of the defendants, any persons who commit black money scams, or the victims of such scams, is not relevant, and unfairly prejudicial. Accordingly, this testimony should be excluded under Rules 401, 402, and 403 of the Federal Rules of Evidence. The government represents that Mr. Wyne will testify at trial that he has "investigated . . . crimes committed by West African groups," a black money scam is a crime "common in West African communities," such a crime is "typically committed against recent immigrants," and he will describe "the typical victims" of black money scams. Gov. Resp., pp. 2-3. Testimony that the perpetrators of black money scams are often West African and the victims are typically immigrants fails "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Testimony of this nature is also unfairly prejudicial, where all three defendants are originally from West Africa, because they invite the jury to put the defendants' racial

2

and cultural background in to the balance in determining their guilt. *See United States v. Vue*, 13 F.3d 1206 (8th Cir. 1994) (reversing convictions of Hmong defendants based on due process violation where government witness, a customs supervisor experienced in investigating opium smuggling cases, testified that the opium trade in the Twin Cities "primarily involved Hmong individuals"); *United States v. Doe*, 903 F.2d 16, 21-23 (D.C. Cir. 1990) (finding error in trial court's admission of portions of expert testimony on *modus operandi* of cocaine and crack distributors in Washington, D.C., because expert's statements that "the retail market has been taken over basically by Jamaicans" and that "local dealers were being replaced . . . [by] Jamaicans" resulted in "strongly suggest[ing] that appellants were guilty because two of them are Jamaican"). *See also United States v. Jones*, 913 F.2d 174, 177 (4th Cir. 1990) ("the use of expert testimony as substantive evidence showing that the defendant 'fits the profiles and, therefore, must have intended to distribute the cocaine in his possession' is error").

References to a victim's immigrant status are also unfairly prejudicial. First, the identity of the victims is not relevant to the issue of guilt in this case. Second, admitting testimony about the victims' immigrant status will have the result of evoking the jury's sympathies and its instinct to punish the accused. Therefore, reference to the victims' immigrant status should be excluded under Rules 401, 402, and 403.

Second, Mr. Wyne's testimony on the *modus operandi* of black money scams should be excluded because it is cumulative and needlessly time-consuming under Rule 403. The *modus operandi* of the black money scam charged in this case will be presented by the government in a video recording of two of the defendants plainly engaging in the black money scheme, making any additional description of "various forms" of black money schemes unnecessary and cumulative. It

is expected that a key piece of government evidence will be surveillance video that captures the May 26, 2011 meeting at a Holiday Inn in Arlington between the undercover agent and two of the defendants, Richard Lenga and Julien Tchokokam. What is depicted in the video is self-apparent and further explained through statements made by the undercover agent and the two defendants in the video. The video depicts Mr. Lenga and Mr. Tchokokam conducting a black money demonstration for the undercover agent in a hotel room. They are seen taking what is purportedly genuine U.S. currency and applying paper and chemicals to the currency, wrapping the currency and paper in foil, applying pressure to the foil package, washing the materials in a bucket containing chemicals, removing the chemicals, ironing the currency and paper, and finally presenting the agent with what they claim to be counterfeit currency. Assuming that the government plays this video demonstration of the black money scam for the jury, any expert testimony of how black money scams operate will be cumulative. At that point, having already presented video evidence of the black money scheme in this case, a description of the variety of black money scams known to Mr. Wyne will not be relevant.

Portions of Mr. Wyne's testimony that will discuss the chemicals used in black money scams are also cumulative under Rule 403. The government has noticed another expert, chemist Joseph C. Stephens, who will testify at trial on the "variety of chemicals used to blacken currency" and used to "remove the blackening from currency," "the chemistry underlying the blackening process" and the process of "removal of blackening from currency," the "availability of the chemicals used in Black Money schemes," and "the identity and properties of some of the liquids and powders seized from the defendants." Doc. No. 43, Rule 16(a)(1)(G) Notice – Joseph C. Stephens. According to the government, Mr. Wyne will provide the same testimony as Mr. Stephens – he will also describe

"how the liquids and powders are used in th[e] demonstration process to blacken the legitimate currency." Gov. Resp., pp. 2-3. To the extent that Mr. Wyne's testimony merely repeats the testimony of Mr. Stephens, the government chemist, Mr. Njike asks that Mr. Wyne's testimony be excluded.

Third, expert testimony must be helpful in order to be admissible. The most basic rule of expert testimony is that it may be admitted only if it aids the jury's understanding of a material issue. *See* Fed. R. Evid. 702 (proposed testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue"). To the extent that the expert's *modus operandi* testimony repeats what the jury can readily observe and understand from the May 26 video demonstrating the black money scam in this case, and what it will learn from the chemist's testimony, additional testimony by Mr. Wyne will not help the jury understand the evidence. Indeed, the repeat testimony of expert witnesses will run the risk of confusing the jury, and causing its members to believe that the defendants must be guilty if multiple government experts have testified consistently about the chemicals.

In sum, the testimony of any witness about the ethnic, racial, or national background or the immigration status of the defendants, victims, and other black money scam artists, will be unfairly prejudicial. The testimony of Mr. Wyne, due to the video showing Mr. Tchokokam and Mr. Lenga conducting the black money scam, as well as Mr. Stephens' testimony on the variety of chemicals used and the chemicals used in this case, will be cumulative and will not further help the jury understand the evidence. For the above reasons, Mr. Njike respectfully requests that the Court preclude the government from introducing expert testimony on the *modus operandi* of black money scams.

Respectfully submitted,
Emmanuel Njike
By Counsel,

MICHAEL S. NACHMANOFF
Federal Public Defender


_____/s/_____
Shannon S. Quill, Esq.
Va. Bar No. 76355
Aamra S. Ahmad, Esq.
Va. Bar No. 75929
Assistant Federal Public Defenders
Counsel for Mr. Njike
Federal Public Defender Office
Eastern District of Virginia
1650 King Street, Suite 500
Alexandria, VA   22314
Telephone:     703-600-0819
Facsimile:     703-600-0880
Aamra_Ahmad@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

Chad I. Golder
Michael E. Rich
Claire M. Murray
United States Attorney's Office
2100 Jamieson Ave.
Alexandria, Virginia, 22314

Alan H. Yamamoto
Law Office of Alan Yamamoto
634 S. Washington St
Alexandria, VA 22314

Richard E. Gardiner
Law Office of Richard E. Gardiner
3925 Chain Bridge Road, Suite 403
Fairfax, VA 22030

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the foregoing pleading will be delivered to Chambers within one business day of the electronic filing.

/s/
Aamra S. Ahmad, Esq.
Va. Bar No. 75929
Counsel for Mr. Njike
Federal Public Defender Office
Eastern District of Virginia
1650 King Street, Suite 500
Alexandria, VA   22314
Telephone:     703-600-0819
Facsimile:     703-600-0880